UNSEALED  1|7|09

SEALED

United States District Court
Southern District of Texas
FILED

DEC 1 6 2008

Michael N. Milby, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### McALLEN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| **v.** § | **Criminal No.**  **M- 08 - 1 6 7 9** |
| § | |
| **FRANCISCO JAVIER BELTRAN** § | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### INTRODUCTION

1.  FRANCISCO JAVIER BELTRAN, "Beltran," is an individual who has resided in Chagrin Falls, Ohio.

2.  Defendant Beltran worked for Barnes Distribution, "Barnes," from October 2005 through March 2007 as a purchasing/sales consultant. Defendant Beltran was responsible for developing new business opportunities in Latin America for Barnes.

3.  Barnes distributes maintenance, repair, and operational industrial supplies throughout the United States and in overseas markets. Barnes is headquartered in the state of Ohio and is a division of Connecticut-based Barnes Group, Inc.

4.  Hi-Tape LLC, "Hi-Tape," is a Texas Limited Liability Company operating in Mexico and the United States. Hi-Tape sells industrial supplies to distributors, such as Barnes, and maintains business offices in McAllen, Texas.

5.  When Barnes purchases products from a supplier, such as Hi-Tape, Barnes' policy is to issue the supplier a Barnes-approved purchase order contract, "Purchase Order," to memorialize the terms of the agreement including, among other things, the products to be supplied, the price, and the shipment address.

6.  Defendant Beltran created and controlled Wing Wah Lighting, "Wing Wah," which held itself out as a manufacturer of automotive supplies.

## COUNTS 1-3
## (Wire Fraud 18 U.S.C. § 1343)

A.   **INTRODUCTION**

    1.   The Grand Jury adopts, reasserts, and incorporates herein the statements in paragraphs 1-6 of the Introduction of this Indictment as if set out fully herein.

B.   **THE SCHEME TO DEFRAUD**

    2.   From on or about August 2007 through on or about April 2008, in the Southern District of Texas, and elsewhere within the jurisdiction of the Court, the Defendant

### FRANCISCO JAVIER BELTRAN

having devised and intending to devise a scheme and artifice to defraud and to obtain money and property from Hi-Tape, and others, by means of false and fraudulent pretenses, representations and promises, well knowing at the time that said pretenses, representations, and promises would be and were false and fraudulent when made, did knowingly transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, or sounds, for the purpose of executing such scheme and artifice as more fully set forth below.

C.   **THE MANNER AND MEANS OF THE SCHEME TO DEFRAUD**

    3.   From on or about August 2007 through December 2007, while no longer employed by or associated with Barnes, Defendant Beltran negotiated with Hi-Tape a series of purchases of large quantities of automotive supplies and packaging tape.

    4.   In doing so, Defendant Beltran falsely represented to Hi-Tape that Defendant Beltran was an independent contractor for Barnes and that the purchases were being made on behalf of Barnes.

    5.   Because Hi-Tape did not ordinarily supply automotive supplies, Defendant Beltran instructed Hi-Tape to secure the requested automotive supplies from Wing Wah, to which Hi-Tape agreed.

    6.   Unbeknownst to Hi-Tape, Defendant Beltran created Wing Wah to be a shell corporation for the sole purpose of receiving electronic funds transfers from Hi-Tape.

    7.   After securing oral agreements with Hi-Tape, Defendant Beltran would and did fraudulently reproduce, without authorization from Barnes, the trademark name and

logo of Barnes to create fraudulent Purchase Orders between Barnes and Hi-Tape setting forth the terms of the agreements.

8.    Defendant Beltran would and did issue such fraudulent Purchase Orders to Hi-Tape.

9.    In turn, Defendant Beltran caused Hi-Tape to enter into agreements with Wing Wah to purchase from Wing Wah the automotive supplies listed in the Purchase Orders.

10.   Hi-Tape paid Wing Wah for the automotive supplies by making wire transfers to Wing Wah's Chase bank account, opened by Defendant Beltran for the sole purpose of receiving funds on behalf of Wing Wah.

11.   Pursuant to Defendant Beltran's instructions, Hi-Tape directed Wing Wah to ship the automotive supplies directly to Barnes.

12.   Wing Wah did not ship any supplies to Barnes or to any other party.

13.   Defendant Beltran's shipping instructions were an attempt to conceal from Hi-Tape the fact that Wing Wah, controlled by Defendant Beltran, never intended to, and did not provide any supplies to Barnes or any other party and that Defendant Beltran created Wing Wah only to fraudulently obtain the funds paid by Hi-Tape for Defendant Beltran's use and benefit.

D.    **EXECUTION OF THE SCHEME TO DEFRAUD**

14.   On or about the dates set forth below, for the purpose of executing the scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and intending to do so, the defendant knowingly transmitted and caused to be transmitted by means of wire communications in interstate and foreign commerce, as indicated below, the items described below:

| Count | Purchase Order Date | Purchase Order No. | Wire Date | Wire Amt. | From | To |
|-------|--------------------|--------------------|-----------|-----------|------|-----|
| 1 | Oct. 5, 2007 | ZS-345100-SB | Oct. 5, 2007 | $15,400.00 | Hi-Tape | Wing Wah |
| 2 | Oct. 11, 2007 | ZS412312156-SB | Oct. 11, 2007 | $25,000.00 | Hi-Tape | Wing Wah |
| 3 | Nov. 28, 2007 | ZS41236867-SB | Nov. 28, 2007 | $35,505.56 | Hi-Tape | Wing Wah |

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

As a result of the foregoing violations of Title 18, United States Code, Section 1343, defendant

### FRANCISCO JAVIER BELTRAN

shall forfeit to the United States all of his interest in all property constituting or derived from proceeds he obtained directly or indirectly as a result of such violations involved in or traceable to that offense pursuant to Title 18, United States Code, Section 982(a)(2).

If any property forfeitable by Title 18, United States Code, Section 982(a)(2), as a result of any act or omission of the defendant:

    (1)      cannot be located upon the exercise of due diligence,

    (2)      has been transferred or sold to a third party,

    (3)      has been placed beyond the jurisdiction of the Court,

    (4)      has been substantially diminished in value, or

    (5)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any and all other property of said defendants as substitute assets for those properties whose forfeiture is impeded for the reasons (1), (2), (3), (4), or (5) described above.

A TRUE BILL

_N all_

_____

FOREPERSON

TIM JOHNSON
ACTING UNITED STATES ATTORNEY

_Gregory S. Saikin_

_____

ASSISTANT UNITED STATES ATTORNEY